UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

_____
                                                )
VITALYI KRIVENKO and                )
JSK FSK "MORYE",                      )
                                                )
              *Plaintiffs*,          )
                                                )
      v.                                )   Case No. 1:17-cv-02674-RC
                                                )
THE RUSSIAN FEDERATION and  )
DOES 1-10,                            )
                                                )
             *Defendants*.         )
_____)

## THE RUSSIAN FEDERATION'S REPLY
## IN SUPPORT OF THE MOTION TO DISMISS

In accordance with this Court's Minute Order dated November 26, 2018, the Russian Federation respectfully submits this Reply in support of its Motion to Dismiss ("Mot.") (ECF No. 19) dated November 9, 2018.

As Local Rule 7(b) provides, "[i]f . . . a memorandum [in opposition] is not filed within the prescribed time, the Court may treat the motion as conceded." L. Civ. R. 7(b). In the present case, Plaintiffs have failed to submit any Opposition in response to the Russian Federation's Motion to Dismiss. Accordingly, this Court should apply Local Rule 7(b) and dismiss Plaintiffs' Complaint in its entirety with prejudice. *See, e.g., Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1294-95 (D.C. Cir. 2004) (affirming dismissal based on the plaintiff's failure to respond to a motion to dismiss); *Gates v. United States*, 928 F. Supp. 2d 63, 70 (D.D.C. 2013) (granting a motion to dismiss "with prejudice" where the plaintiff had failed to respond).

In any event, the Russian Federation's Motion to Dismiss should be granted on its merits (i) because this Court lacks subject-matter jurisdiction under the Foreign Sovereign Immunities

Act ("FSIA"), (ii) pursuant to the "political question" and "act of state" doctrines," and (iii) for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]  Each of these grounds is detailed in the Motion to Dismiss and is summarized below.

*First*, this Court should dismiss Plaintiffs' Complaint under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction over Plaintiffs' claims.  The Russian Federation is immune from suit under the FSIA unless an exception applies.  Mot. 7.  In the present case, Plaintiffs have failed to show that any such exception applies.  Rather, as the Russian Federation has demonstrated, the so-called "expropriation exception" does not apply under 28 U.S.C. § 1605(a)(3), because none of the allegedly expropriated property is "present in the United States."  *Id.* at 9-10.  Moreover, as already explained in the Motion, the commercial activity and tortious act exceptions also do not apply in this case.  *See id.* 13-14 (citing 28 U.S.C. §§ 1605(a)(2), (a)(5)).  Plaintiffs thus have failed to meet their burden to allege jurisdictional facts sufficient to support any exception to the Russian Federation's sovereign immunity.  *See Peterson v. Royal Kingdom of Saudi Arabia*, 416 F.3d 83, 88 (D.C. Cir. 2005).

*Second*, the Court should dismiss Plaintiffs' Complaint pursuant to the "political question" doctrine and the "act of state" doctrine.  As explained in the Motion, the shipyard and shipbuilding company at issue in the Complaint were transferred pursuant to a decree by the State Council of Crimea.  *See* Mot. 6-7.  By attempting to adjudicate Plaintiffs' claims, therefore, the Court would become entangled in determining the legality of the State Council's decree.

---

[1] The Russian Federation further reserves its rights with respect to the documents submitted by opposing counsel after the Motion to Dismiss.  Specifically, opposing counsel's correspondence with Plaintiffs confirm a failure to prosecute in this case.  *See, e.g.*, Ex. 1 to Mot. to Withdraw as Counsel for Plaintiffs (ECF No. 21-3) ("Your failure to officially finalize attorney-client relationship and to provide a payment for our services in this case will lead to the abandonment of the case for failure to prosecute as we will not be able to respond to said motion.").  The Russian Federation agrees with opposing counsel and hereby reserves the right to submit an additional Motion to Dismiss Plaintiffs' Complaint for Failure to Prosecute.

This determination, in turn, would entail an assessment of the legality of Crimea's declaration of independence from Ukraine and vote to reunify with the Russian Federation. Such questions implicate the United States' foreign relations, and are thus committed exclusively to the political branches. *See Baker v. Carr*, 369 U.S. 186, 217 (1962) (identifying factors that indicate the presence of a non-justiciable "political question"); *W.S. Kirkpatrick & Co. v. Envtl. Tectonics Corp., Int'l*, 493 U.S. 400, 406 (1990) (analyzing the "act of state" doctrine).

***Third***, Plaintiffs' Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. As demonstrated in the Motion, (i) all of Plaintiffs' statutory claims should be dismissed based on the presumption against extraterritoriality, (ii) all of Plaintiffs' treaty-based claims should be dismissed because the four multilateral treaties relied upon are not self-executing and do not create private rights of action, and (iii) Plaintiffs' unjust enrichment claims should be dismissed as untimely. *See* Mot. 24-34. Accordingly, even if this Court could exercise jurisdiction in this case (which it cannot), the Complaint must nonetheless be dismissed in its entirety for failure to state a claim.

## CONCLUSION

For the reasons stated above and in the Russian Federation's Motion to Dismiss, this Court should dismiss Plaintiffs' Complaint in its entirety and with prejudice.

Date:  March 7, 2019                    Respectfully submitted,

**WHITE & CASE** LLP

/s/ Carolyn B. Lamm
Carolyn B. Lamm (D.C. Bar No. 221325)
701 Thirteenth Street, NW
Washington, DC 20005
Phone: (202) 626-3600
clamm@whitecase.com

*Counsel for the Russian Federation*